UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN FITZGERALD PULLINS,

    Plaintiff,

vs.                                                            Case No. 3:12-cv-407-J-34MCR

DEAN HAGGINS and R & J TOWING AND
RECOVERY, INC.,

    Defendants.
_____/

# **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Affidavit of Indigency (Doc. 2), which the Court will treat as a motion to proceed in forma pauperis, and the Complaint (Doc. 1).

## **I. BACKGROUND**

Plaintiff, proceeding pro se, filed the Complaint in this case on April 12, 2012 alleging his Sixth and Fourteenth Amendment rights were violated during a 2004 personal injury trial in state court. (Doc. 1). Specifically, Plaintiff contends the presiding judge failed to grant him a new trial despite the occurrence of several errors, which warranted a new trial. As such, Plaintiff claims he was denied the right to a fair trial. Plaintiff notes that he appealed the trial court decision to the First Circuit Court of Appeals, which affirmed the decision. Plaintiff then filed an appeal with the Florida

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Supreme Court, which he claims dismissed the case. Plaintiff asks this Court to declare the trial court's decision unconstitutional, order a new trial, and order that fair negotiations take place.

## II. ANALYSIS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id., §1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke, 490 U.S. at 328, 109 S.Ct. at 1833. Instead, the Court will dismiss a claim pursuant to §1915 when the claim lacks arguable merit either in law or fact. Neitzke, 490 U.S. at 325, 109 S.Ct. at 1831-32; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Accordingly, §1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual

allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992); or (3) when it appears that the plaintiff has little or no chance of success Bilal, 251 F.3d at 1349.  Additionally, the court may dismiss a case on grounds of frivolity if the court sees that an affirmative defense would defeat the action. Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640-41 (11th Cir. 1990).

Here, the undersigned believes Plaintiff's Complaint is due to be dismissed as frivolous because this Court does not have subject matter jurisdiction over Plaintiff's claims.  As noted above, Plaintiff's Complaint attempts to state claims for violations of Plaintiff's rights under the Sixth and Fourteenth Amendments to the Constitution. However, the Complaint is essentially attacking the state court judge's handling of the proceedings during Plaintiff's personal injury lawsuit in 2004.  Unfortunately, this Court cannot act as an appellate court with respect to state court decisions.

The Rooker-Feldman doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009).  The Supreme Court has explained that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22 (2005).  The Eleventh Circuit has held that in order for the Rooker-Feldman doctrine to apply under the strictures of Exxon–Mobil, the court must first determine "whether the state court 'rendered judgment before the district court proceedings commenced.'" Cormier v.

Horkan, 397 F.App'x. 550, 552 (11th Cir. 2010) (quoting Nicholson, 558 F.3d at 1274). In the instant case, the Complaint indicates Plaintiff appealed the trial court decision to both the First District Court of Appeals and the Florida Supreme Court but was unsuccessful. Plaintiff filed his federal complaint in this lawsuit after the state court proceeding was concluded. Because Plaintiff exhausted his state court remedies before he filed this federal suit, the state proceedings had ended for purposes of the Rooker-Feldman doctrine.

Next, the Court must "determine whether a plaintiff is a state-court loser who is complaining of injuries caused by state-court judgments." Cormier, 397 F.App'x. at 553 (citing Exxon–Mobil, 544 U.S. at 284, 125 S.Ct. at 1521–22). In making this determination, the Eleventh Circuit examines "whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment." Cormier, 397 F.App'x. at 553 (citations omitted). "'A claim is inextricably intertwined if it would effectively nullify the state court judgment or it succeeds only to the extent that the state court wrongly decided the issues.'" Id. (quoting Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (internal quotations and citations omitted). Applying this standard to the instant case reveals the Second Amended Complaint falls squarely within the scope of the Rooker-Feldman doctrine's jurisdictional bar.

In the Complaint, Plaintiff asks the Court to declare the trial court's decision unconstitutional, enter an order granting a new trial, and to enter an order directing that fair negotiations (presumably between Plaintiff and the defendant in the personal injury case) take place. Clearly, Plaintiff is a state court loser who is attempting through the

Complaint to nullify the state court orders. Accordingly, Plaintiff's claims before this Court succeed only to the extent the state court wrongly decided issues during the personal injury case and are therefore, inextricably intertwined with the state court proceedings. Accordingly, Plaintiff's recourse "was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal." Casale, 558 F.3d at 1261.

However, "even if a claim is 'inextricably intertwined' with the state court's judgment, the doctrine does not apply if the plaintiff had no 'reasonable opportunity to raise his federal claim in state proceedings.'" Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996)). Here, it is clear Plaintiff had an opportunity to raise his claims in the state court proceedings as all of his complaints deal with the handling of his trial before the state court. Therefore, the undersigned believes the present action is barred by the Rooker-Feldman doctrine.[2]

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

Plaintiff's Affidavit of Indigency, which the Court construes as a motion to proceed in forma pauperis, (Doc. 2) be **DENIED** and the Complaint (Doc. 1) be **DISMISSED**.

---

[2] In a similar case filed by Plaintiff, Judge Adams denied Plaintiff's motion to proceed in forma pauperis and dismissed Plaintiff's Complaint. See Pullins v. Britton et al., No. 3:12-cv-409-J-25MCR, Doc. 6.

**DONE AND ENTERED** in Chambers, Jacksonville, Florida this  7th  day of

May, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff
Hon. Marcia M. Howard,
United States District Judge